UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23598-CIV-KING/BANDSTRA

WILFREDO DIAZ and all others
similarly situated under 29 U.S.C. §216(B),

    Plaintiff,

vs.

ROSARIO & FAMILY LAUNDRY, INC.
and JULIO ROSARIO,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court on Plaintiff's Motion to Enforce Settlement Agreement and for Final Default Judgment and Entitlement to Future Fees In Re: Collection of Default (D.E. 11) filed on August 25, 2010. On August 26, 2010, this motion was referred to the undersigned by the Honorable James Lawrence King for appropriate resolution pursuant to 28 U.S.C. §636(b). Upon review of this motion, the court file and applicable law, the undersigned respectfully recommends that Plaintiff's Motion to Enforce Settlement Agreement and for Final Default Judgment and Entitlement to Future Fees In Re: Collection of Default be GRANTED for reasons explained below.

## FINDINGS AND CONCLUSIONS

On December 2, 2009, Wilfredo Diaz ("plaintiff") commenced this action against Rosario & Family Laundry, Inc. and its owner and/or officer, Julio Rosario ("defendants") seeking unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). The parties settled this case and on March 8, 2010 defense counsel filed a notice of settlement.

On April 7, 2010, a Final Order of Dismissal was entered by this Court. On August 25, 2010, plaintiff filed the instant Motion to Enforce Settlement Agreement and For Final Default Judgment seeking damages and other relief on the basis that defendants did not make the last scheduled payment in violation of the parties' settlement agreement. On October 5, 2010, this Court ordered defendants to file a response to this motion within ten days and cautioned that failure to comply may result in the granting of this motion by default. To date, defendants have failed to file a response.

Plaintiff's Motion for Final Default Judgment against defendants seeks to enforce the settlement agreement which provided that defendants settle this matter for a total of $3,500.00 to be paid in four monthly installments. The installments were to paid as follows: $1,000.00 to be paid by March 15, 2010; $1,000.00 to be paid by April 15, 2010; $1,000 to be paid by May 15, 2010; and $500.00 to be paid by June 15, 2010. The settlement agreement further provided that "in the event Defendants fail to make any payment timely, after ten days written notice by Plaintiff to Defendants, then Plaintiff shall be entitled to a judgment for $5,000 less any payment made to date by Defendants hereunder." See Settlement Agreement, ¶ 2 (D.E. 11, Exh. 2). The record reflects that defendant failed to make the fourth and final installment payment and the plaintiff provided written notice of this default.

Accordingly, the undersigned recommends that Plaintiff's Motion for Final Default Judgment Against Defendants be GRANTED, jointly and severally, in the amount of $2,000.00, representing $5,000.00 minus the $3,000.00 in made payments.[1]

---

[1] The undersigned declines to recommend the award of future fees and costs regarding the collection of the default at this time.

The parties may serve and file written objections to this Report and Recommendation with the Honorable James Lawrence King, United States District Judge, within ten (10) days of receipt. See 28 U.S.C. §636(b)1)c); United States v. Warren, 687 F.2d 347 (11th Cir. 1982); cert. denied, 460 U.S. 1087 (1983); Hardin v. Wainwright, 678 F.2d 589 (5th Cir. Unit B 1982); see also Thomas v. Arn, 474 U.S. 140 (1985).

RESPECTFULLY SUBMITTED this 22ND day of October, 2010 in Miami, Florida.

Ted E. Bandstra
United States Magistrate Judge

Copies furnished to:
Honorable James Lawrence King
Counsel of record